[Cite as *State v. Kneier*, 2015-Ohio-3419.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-P-0006** |
| GEORGE E. KNEIER, III, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2014 TRC 10715.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*William Carlin* and *Mark W. Biggerman,* Carlin & Carlin, 29325 Chagrin Blvd., Suite 305, Pepper Pike, OH 44122 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, the state of Ohio, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, pursuant to Crim.R. 12(K), granting a motion to suppress evidence filed by appellee, George E. Kneier, III. For the reasons discussed below, we affirm the trial court's judgment.

{¶2} On August 2, 2014, at 3:45 a.m., Trooper Chester Engle entered the eastbound on-ramp of Interstate 76 at State Route 44 when he observed appellee's

vehicle travel "over the top" of the fog line. The trooper was approximately 500 feet behind appellee. The vehicles proceeded onto the interstate and the trooper again observed appellee's vehicle move "over the top" of the fog line. The trooper continued to follow appellee and, within 1 ½ miles, he witnessed appellee's vehicle "over the top" of the fog line a third time. Based upon his conclusion that appellee had committed a marked lanes violation, the trooper initiated a traffic stop.

{¶3} The trooper approached the vehicle and advised appellee he stopped him because appellee "drove over the top of the line several times." Appellee was the sole occupant of the car and indicated he was unaware he had committed the alleged infraction. The trooper noted appellee had a strong odor of alcoholic beverage about his person, was slurring his speech, and had red, glassy eyes. Appellee admitted he had consumed six beers since 7:00 p.m. the previous evening. Appellee was asked to exit the vehicle to perform field sobriety tests. Appellee was subsequently cited for OVI and a marked lanes violation.

{¶4} At the suppression hearing, the state introduced a DVD of the trooper's dash cam. The recording did not capture the initial alleged fog-line violation; only the second and third alleged violations. The trooper testified that his statement regarding appellee's tire being "over the top" of the fog line was equivalent to crossing the fog line. He did not specifically testify, however, how far across the vehicle moved over the fog line and the DVD failed to show appellee actually crossing over the fog line.

{¶5} After the hearing, the trial court granted appellee's motion to suppress evidence, ruling: "The Court does not equate 'over top' of the fog line with crossing the fog line and the Trooper's testimony is consistent with Defendant being over top of but

not crossing the fog line." The court therefore determined appellee did not leave his lane of travel or cross over the fog line. Accordingly, the court concluded appellee committed no marked lane violation as a matter of law and the trooper lacked probable cause to stop him. The court further determined the evidence was insufficient to establish appellee was engaged in erratic driving and, as a result, the trooper lacked reasonable, articulable suspicion to initiate an investigative stop.[1]

{¶6} The state appealed the trial court's ruling and assigns the following error:

{¶7} "The Portage County Municipal Court erred in determining that a Trooper's observations of a marked lanes violation did not amount to probable cause to conduct a traffic stop."

{¶8} At a suppression hearing, "the trial court is best able to decide facts and evaluate the credibility of witnesses." *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, ¶41. A reviewing court must then "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8. *State v. Korb*, 11th Dist. Lake No. 2013-L-126, 2014-Ohio-4543, ¶13.

{¶9} In evaluating a suppression motion, "the trial court is required to state its essential findings of fact on the record pursuant to Crim.R. 12(F)." *Kirtland Hills v. Medancic*, 11th Dist. Lake Nos. 2011-L-136 and 2011-L-137, 2012-Ohio-4333, ¶8. That rule provides, "[w]here factual issues are involved in determining a motion, the court *shall* state its essential findings on the record." (Emphasis added.) The basic rationale of Crim.R. 12(F) is to permit effective judicial review. *Medancic, supra,* citing *State v.*

---

1. The state does not challenge the court's supplemental conclusion that an investigative stop was also improper under these facts.

3

*Marinacci*, 5th Dist. Fairfield No. 99-CA-37, 1999 Ohio App. LEXIS 5279, *4 (Nov. 3, 1999). Indeed, a recitation of a trial court's factual findings is often necessary for a reviewing court to properly determine whether the findings are supported by the record and whether the correct law was applied to those facts. *Medancic, supra.*

{¶10} The state argues that the trial court erred in granting appellee's motion to suppress because, even though the trooper initially stated appellee's vehicle traveled "on the top" of the fog line, he later clarified that appellee, in fact, crossed the white fog line. We do not agree that the trooper's clarification, unto itself, established probable cause sufficient to undermine the trial court's findings and conclusion.

{¶11} R.C. 4511.33(A)(1), the marked lanes violation statute, provides:

{¶12} (A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

{¶13} (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

{¶14} In codifying the foregoing subsection, the General Assembly specifically chose the phrase "as nearly as is practicable" to delineate a motorist's obligation to drive within a marked lane. Given this language, it is clear a motorist's duty to remain within his or her marked lane is not absolute. To this point, the Third Appellate District has observed: "the language 'as nearly as is practicable' inherently contemplates *some*

4

inevitable and incidental touching of the lines by a motorist's vehicle during routine and lawful driving, without the vehicle being considered to have left the lane of travel so to constitute a marked lanes violation as proscribed by R.C. 4511.33(A)(1), such as to avoid debris, obstructions or imperfections in the roadway." *State v. Shaffer*, 3d Dist. Paulding No. 11-13-02, 2013-Ohio-3581, ¶21. The court in *Shaffer* further observed that "the same subsection notably does not proscribe all movement from the marked lane but expressly links any movement from the marked lane directly with the element of safety - - specifically permitting movement from the lane only where 'the driver has first ascertained that such movement can be made with safety." *Id.* at ¶22.

{¶15} With these points in mind, this court has determined that a court need not reach the issues of the practicability of remaining in the lane or a motorist's ascertainment of the safety of his or her movement, unless, first of all, the vehicle's tires have been observed to actually cross over the marked line. *See Wickliffe v. Petway*, 11th Dist. Lake Nos. 2011-L-101 and 2011-L-102, 2012-Ohio-2439; *see also Mentor v. Phillips*, 11th Dist. Lake No. 99-L-119, 2000 Ohio App. LEXIS 6207 (Dec. 29, 2000). Without such circumstances, this court has reasoned a vehicle does not leave its lane of travel and, as a result, there is no marked lane violation supporting probable cause to stop. *Petway*, *supra*, at ¶19.

{¶16} In this case, the trial court determined that, even though the trooper testified that traveling "over top" of the line *meant* appellee "crossed over" the line, this was insufficient to establish a marked lanes violation. The trial court underscored that the trooper failed to elucidate how far over the vehicle's tire went onto the fog line. And there was no testimony that the tire had completely passed over the line. Moreover, the

5

DVD of the stop not only failed to demonstrate the vehicle's tire passed over the line, it was unclear whether the tire was even on the fog line. The video initially tracked footage of appellee's vehicle on the curved access ramp, at which time it was impossible to tell, due to the distance between the vehicle and the cruiser, whether appellee had driven onto or was anywhere near the fog line. And, once the road straightened, it is not possible to unquestionably discern that the tires of the vehicle touched upon, let alone crossed over the line. Without some specific testimony that the trooper actually observed the vehicle's tire pass over the line such that it was no longer within its specific lane of travel, or clear video evidence of the alleged illicit movement, the trooper's testimony that the tire was "over top" or "crossed" did not establish probable cause of a marked lanes violation.

{¶17} The trial court weighed the trooper's testimony and found his equivocation of the phrases "over the top" and "crossed over" dubious. As indicated above, the trial court was in the best position to resolve this factual question as well as the credibility of the witness' "clarification." The video evidence does not in any way controvert the trial court's factual findings. Hence, the trial court's factual findings are supported by competent, credible evidence; accepting these findings as true, there was inadequate evidence to establish appellee's vehicle left its lane of travel. Under the circumstances, therefore, the state failed to establish appellee committed a marked lane violation supporting probable cause to stop the vehicle.

{¶18} The state's assignment of error lacks merit.

6

{¶19} For the reasons discussed above, the judgment of the Portage County Municipal Court, Ravenna Division, granting appellee's motion to suppress evidence, is affirmed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.